# United States Court of Appeals
## For the First Circuit

No. 99-1507

UNITED STATES OF AMERICA,

Appellee,

v.

GERALD R. CARON,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Torruella, Chief Judge,

Boudin and Stahl, Circuit Judges.

Owen S. Walker, Federal Defender Office, for appellant.
Brian T. Kelly, Assistant United States Attorney, with whom Donald K. Stern, United States Attorney, was on brief for the United States.

April 5, 2000

BOUDIN, <u>Circuit Judge</u>.  In July 1994, Gerald Caron was convicted after a jury trial on four counts of being a felon in possession of firearms and ammunition.  18 U.S.C. § 922(g)(1). At sentencing in September 1994, he was found to be an armed career criminal and therefore subject to an increased sentence. 18 U.S.C. § 924(e).  This label attaches to a felon in possession who has three prior convictions for, <u>inter</u> <u>alia</u>, violent felonies, <u>id.</u>; Caron had four prior violent felony convictions in state courts--three in Massachusetts and one in California--and three such convictions in the federal courts (although those convictions arose out of one incident and thus are only counted as one conviction under section 924(e)(1)). <u>United States</u> v. <u>Caron</u>, 941 F. Supp. 238, 241 n.6 (D. Mass. 1996).  He was then sentenced to 262 months in prison.

Although this court initially affirmed on appeal, <u>United States</u> v. <u>Caron</u>, 64 F.3d 713 (1st Cir. 1995), <u>cert.</u> <u>denied</u>, 518 U.S. 1027 (1996), we later granted rehearing en banc, <u>id.</u> at 719, and concluded that further proceedings were required to determine whether Caron had enough prior convictions to qualify as an armed career criminal.  <u>United States</u> v. <u>Caron</u>, 77 F.3d 1 (1st Cir.) (en banc) (1996).  The doubt arose because Caron claimed that as to his Massachusetts state convictions, he had had his "civil rights restored" and, in such cases (with an

exception not here relevant), the statute says that a prior conviction "shall not be considered a conviction" for purposes of the firearms chapter. 18 U.S.C. § 921(a)(20). This restriction may make little sense in determining whether someone is an armed career criminal, but the courts have (reasonably enough) followed the clear statutory language.

On remand, the district court ruled that Caron's civil rights had been restored with respect to the three Massachusetts convictions, leaving only the California conviction and the federal convictions (from one incident) to "count" toward armed career status--one short of the necessary number. United States v. Caron, 941 F. Supp. 238 (D. Mass. 1996). Departing upward, the district court in October 1996 re-sentenced Caron as an ordinary felon in possession to 120 months. On appeal by the government, this court reversed in an unpublished order on the ground that (under intervening case law in this court) Caron's civil right had not been fully "restored" after his prior convictions. United States v. Caron, Nos. 96-2338, 96-2339 (1st Cir. May 9, 1997). The Supreme Court granted review and affirmed. United States v. Caron, 524 U.S. 308, 315-16 (1998).

The case was then remanded to the district court for a new re-sentencing which in turn gives rise to the present appeal. Although now subject to re-sentencing as an armed

career criminal, Caron argued in the district court that he should be granted a downward departure because he had substantially rehabilitated himself during his latest imprisonment. At the re-sentencing in April 1999, the district court agreed that it had discretion to depart downward based on post-sentence rehabilitation; but the court said that this would be justified only "in the most rare case" and was not warranted by the facts presented by Caron. Caron was then sentenced once again to 262 months.

Caron now appeals from the new sentence, attacking the denial of the downward departure. Of course, refusals to depart are generally unreviewable, United States v. Anderson, 139 F.3d 291, 299-300 (1st Cir.), cert. denied, 525 U.S. 866 (1998), but Caron seeks to bring himself within an established exception for cases where the district court has misapprehended its legal authority. United States v. Clase-Espinal, 115 F.3d 1054, 1056 n.2 (1st Cir.), cert. denied, 522 U.S. 957 (1997). This is a tight squeeze since the district court agreed that it had authority to depart for post-sentence rehabilitation. But Caron says that the court still committed legal error by limiting its authority to "the most rare case."

Passing the government's debatable claim of waiver, its broadest line of defense is that post-sentence rehabilitation is

never a permissible basis for departure. While there are arguments for this view, we have rejected it in an intervening decision after careful consideration. United States v. Bradstreet, No. 99-1267, 2000 WL 298570, at *4-*5 (1st Cir. Mar. 27, 2000). Bradstreet said that a departure is permissible based on post-sentence rehabilitation where the achievement is present "to such an exceptional degree that the situation cannot be considered typical of those circumstances in which the explicit departure--rehabilitation in the context of acceptance of responsibility--is normally granted." Id. at *5 (quoting United States v. Rhodes, 145 F.3d 1375, 1383 (D.C. Cir. 1998)). Such departures for post-sentence rehabilitation, we added, would be "highly infrequent." Id. (quoting Koon v. United States, 518 U.S. 81, 96 (1996)).

It is quite clear that the district court accurately anticipated Bradstreet and well understood the extent of its discretion to depart. There is no magic to particular terms like "most rare," "exceptional," and "highly infrequent." Absent a mistake of law, our review of the refusal to depart is at an end. But we think it worth adding that nothing in Caron's post-sentence record conflicts with the district court's judgment that it was praiseworthy in some respects but hardly exceptional.

Affirmed.